# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 928 | **DATE** | 6/7/2001 |
| **CASE TITLE** | Jane Doe vs. Chicago Police Officer Charles White, #4697; and the City of Chicago | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendant's motion for a protective order [15-1] is denied. Plaintiff's motion to compel discovery without a protective order [16-1] is denied. Plaintiff's motion to compel the requested discovery with a protective order [16-2] is granted with a protective order to be drafted according to the parameters set forth by this Court and submitted to the Court for approval. Status hearing set for 6/28/01 at 9:30 a.m. Parties are to submit a proposed agreed scheduling order to the Court before the status hearing.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 3 | **Document Number** |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | JUN 0 8 2001 | |
| | Notified counsel by telephone. | | date docketed | 23 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | CD-? FILED FOR DOCKETING | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 01 JUN -7 PM 4: 04 | 6/7/2001 date mailed notice | |
| MD | courtroom deputy's initials | Date/time received in central Clerk's Office | MD mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| Jane Doe, | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) No. 00 C 0928 |
| | ) |
| Chicago Police Officer Charles White, | ) |
| #4697; and the CITY OF CHICAGO, | ) |
| | ) |
|     Defendants. | ) |

DOCKETED
JUN 0 8 2001

## MEMORANDUM OPINION AND ORDER

Plaintiff has requested that defendants produce all Complaint Register ("CR") files[1] for Officer Charles White, including those resulting from the investigation of other citizen complaints. Defendants do not argue that the information should not be subject to discovery for lack of relevance, but only that they are entitled to a protective order pursuant to Federal Rule of Civil Procedure 26(b) and (c). Plaintiff responds that no protective order should issue, or in the alternative, the court should approve the protective order provided by plaintiff.

Defendants' requested protective order seeks a broad definition of "confidential" information, namely any information "which may contain highly sensitive and confidential personal, employment, disciplinary, investigatory, witness and medical information of a non-public nature" and seeks to limit dissemination of the CRs, turned over pursuant to the discovery

---

[1] A CR file is opened by the Chicago Police Department's Office of Professional Standards ("OPS"), when a complaint against an officer is received. All complaints against officers and employees are initially received and recorded by members of OPS, which retains and investigates those complaints (including those involved here) not forwarded to the Internal Affairs Division for investigation.

1

request, to exclude public dissemination as well as dissemination to other attorneys. *See* Def. Proposed Protective Order.

Good Cause Requirement

Rule 26(c) provides that

> Upon motion by a party or by the person from whom discovery is sought, accompanied by a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action, and for good cause shown, the court in which the action is pending or alternatively, on matters relating to a deposition, the court in the district where the deposition is to be taken may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: . . . that the disclosure or discovery may be had only on specified terms and conditions, including a designation of the time or place; . . . that the discovery may be had only by a method of discovery other than that selected by the party seeking discovery . . . .

Fed. R. Civ. P. 26(c)(2) and (3). "To satisfy the good cause showing, the defendant must make a particular and specific demonstration of fact; conclusory statements are not sufficient." *Moriarty v. LSC Illinois Corp.*, 1999 WL 1270711, *4 (N.D. Ill. Dec. 29, 1999), *citing Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n.16 (1981). In deciding whether good cause exists, a district court must balance the harm to the party seeking the protective order against the importance of disclosure to public. *Wiggins v. Burge*, 173 F.R.D. 226, 229 (N.D. Ill. 1997), *citing Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 787-89 (3d Cir. 1994). Factors the court may consider include "privacy interests, whether the information is important to the public health and safety and whether the party benefitting from confidentiality of the protective order is a public official." *Id.*

Defendants assert that police officers have privacy interests in the CR files. Plaintiff does

2

not dispute that police officers have privacy interests in not revealing personal information, such as individual social security numbers, home addresses and phone numbers. Defendants appear to argue for a broader notion of privacy in the CR files, however, by asserting that the CR files are personnel files and relate to professional discipline, and as such, are exempted from public disclosure under the Illinois Freedom of Information Act ("FOIA"), 5 ILCS 140/7(1)(b)(ii) and (iii).[2] Defendants' reliance on these FOIA provisions is unavailing. Not only have defendants not convinced the court that the CR files or matters of police discipline are covered by the provisions they cite, but, to the contrary, the act specifically states "disclosure of information that bears on the public duties of public employees and officials shall not be considered an invasion of personal privacy." *See* 5 ILCS 140/7(1)(b). This sentiment is in line with the policy favoring the public's right to be informed of the conduct of public servants. *See Wiggins*, 173 F.R.D. at 229 ("privacy interests are diminished when the party seeking protection is a public person subject to legitimate public scrutiny"). Defendants also raised a concern that the information in the CR files would be used by plaintiff to "embarrass" the City and cite to a transcript from *Lear v. Hayes*, 99 C 292. Plaintiff has explained, however, the nature of the comments in *Lear* and that these comments were made in the context of that particular case.

---

[2] The following shall be exempt from inspection and copying: . . .
(b) Information that, if disclosed, would constitute a clearly unwarranted invasion of personal privacy, unless the disclosure is consented to in writing by the individual subjects of the information. The disclosure of information that bears on the public duties of public employees and officials shall not be considered an invasion of personal privacy. Information exempted under this subsection (b) shall include but is not limited to: . . .
    (ii) personnel files and personal information maintained with respect to employees, appointees or elected officials of any public body or applicants for those positions;
    (iii) files and personal information maintained with respect to any applicant, registrant or licensee by any public body cooperating with or engaged in professional or occupational registration, licensure or discipline; . . .

Next, defendants assert a "privacy" interest of complainants in the potentially embarrassing information that may be contained in the CRs. Defendants have not provided the court with any specific examples from the CRs, other than a footnote that in some instances there are medical records or photographs of individuals who have no connection to this litigation. *See* Def. Mot. at 4, n.2. Without a specific demonstration of fact, these "conclusory statements are not sufficient." *Moriarty*, 1999 WL 1270711, at *4. The court finds, however, that subsection (v) of the Illinois FOIA, exempting from public disclosure "information revealing the identity of persons who file complaints with or provide information to . . . investigative, [or] law enforcement . . . agencies . . . ." does provide an expectation of privacy with respect to a complainant's identity, and, balanced against the public's right to information about police conduct, is good cause to limit, as set forth below, the disclosure of the identity of the CR complainants.

Protective Order Parameters

**Redactions**: Plaintiff and defendants do not dispute that personal identifying information of police officers, such as individual social security numbers, home addresses, phone numbers and names of beneficiaries can be redacted. Defendants do not request redaction of identifying information of the complainants or witnesses named in the CR.

**Designation of "Confidential Material"**: Unless otherwise demonstrated to the court, the information to be deemed "Confidential" is information that identifies the complainant of the CR (which, of course, could include photographs or like identifying information). Defendants may apply to the court for a determination that specific material should be specifically designated as "confidential."

**Dissemination**: Defendants do not object to plaintiff's counsel contacting the complainant and witnesses identified in the CR files. *See* Def. Reply at 7. The court concludes, however, that defendants' narrowly tailored protective order is too restrictive. Thus, the court will require a protective order that permits dissemination to the groups of individuals spelled out in plaintiff's suggested

4

protective order, including other attorneys, together with the requirement that persons who receive such information and anyone who looks at the information sign an affidavit of disclosure restrictions. Such protective order adequately limits dissemination and protects against any "chilling" effect. Indeed, as noted by plaintiff, persons who complain often do so, so that something will be done to discipline officers.

**Return of Files**: The court believes that this concern is adequately addressed in the requirement that the materials be disseminated only to persons designated in the protective order and the signing of an affidavit regarding disclosure of that information. Therefore, plaintiff is not required to return any such material to the City.

## CONCLUSION

The court denies defendants' motion for a protective order set forth in its motion [#15], denies plaintiff's motion to compel discovery without a protective order [#16-1], but grants plaintiff's motion to compel the requested discovery with a protective order to be drafted according to the parameters set forth by this court and submitted to the court for approval [#16-2].

ENTER: _____
JOAN HUMPHREY LEFKOW
United States District Judge

Dated: June 7, 2001

5