Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 00 C 928 | DATE | 3/7/2003 |
| CASE TITLE | Doe vs. White, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Plaintiff's motion for reconsideration or certification of appeal [53-1] is denied. Case is set for trial against defendant White on April 7, 2003 at 10:00 a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required. | | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | | MAR 10 2003 | |
| | Notified counsel by telephone. | | | date docketed | 56 |
| | Docketing to mail notices. | | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | 3/7/2003 | |
| | | 03 MAR -7 PM 4:53 | | date mailed notice | |
| MD | courtroom deputy's initials | FILED | | MD | |
| | | Date/time received in central Clerk's Office | | mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

MAR 1 0 2003

| | |
|---|---|
| JANE DOE, | |
| Plaintiff, | |
| vs. | No. 00 C 0928 |
| | Judge Joan H. Lefkow |
| CHICAGO POLICE OFFICER CHARLIE WHITE, #4697; and the CITY OF CHICAGO, | |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER

On February 4, 2003, this court entered a memorandum opinion and order granting summary judgment in favor of the City of Chicago ("Chicago") in this action. The basis for this court's ruling was that the actions of Officer Charlie White ("White"), which the court will not repeat here, *see Doe v. White*, No. 00 C 0928, 2003 WL 256880 (N.D. Ill. Feb. 5, 2003), were outside the scope of his employment under Illinois law because such actions could not be designed to serve the interests of his employer. Because these actions were outside the scope of White's employment, the court concluded that the City is not liable on a theory of *respondeat superior* or as an indemnitor of White. Doe now presents this motion for reconsideration or, in the alternative, for certification for appeal. As stated below, the court denies Doe's motion for reconsideration and denies the motion for certification of appeal.



Doe argues that the court did not consider that White's actions with respect to the alleged false arrest on January 8, 2000 may have been within the scope of White's employment, thereby imposing *respondeat superior* liability as well as indemnification on Chicago. Doe also attempts to re-argue that the scope of employment of a police officer is a question of fact for the jury even where the conduct in question included acts of sexual aggression towards Doe.

Starting with the latter argument first, the court will not reconsider its ruling that as a matter of law White's actions of a sexual nature were outside of the scope of his employment. Doe's argument that these actions may have been performed "under color of law" does not shed new light on this court's ruling.

With respect to Doe's false arrest claim, before examining the merits of this claim the court must consider whether Doe waived this issue by failure to argue it on the motion for summary judgment. Without a doubt, Doe could have been clearer in presenting the argument, particularly that the claim should survive summary judgment even if other claims would be dismissed. Nevertheless, Doe points to portions of her brief in which she set out the factual context supporting her false arrest claims (she brings such claims both under federal and state law). Doe also refers the court to an argument in her brief where she stated that a jury could find certain conduct to have been committed within the scope of employment "while at the same time failing to reach a verdict to the outrageous conduct of a sexual nature committed on January 25th." Although this section did not specifically mention the false arrest claims and was made only in a footnote, the court does believe Doe presented the factual scenario behind these claims and, thus, it will consider whether its ruling was too broad in dismissing this false arrest claims along with Doe's other claims against Chicago.

2

Doe's false arrest claims stem from an incident in which White pulled Doe over for an alleged traffic offense. This encounter occurred approximately two months after White's first encounter with Doe and after White had made many unwanted phone calls to her. Doe claims that White told her at the time that she had committed a traffic offense, although he issued no ticket. (Pl. Resp. to Def. L.R. 56.1 ¶ 35.) Doe is adamant that she committed no traffic offense.

In order for a false arrest claim to survive summary judgment, Doe must show that White arrested her without probable cause,[1] which she can readily do. But to impose liability for that conduct on Chicago there must be a genuine issue of fact that White was acting within the scope of his employment at the time. As stated in the February 4 opinion, to be within the scope of employment, his acts must have been done at least in part to serve the employer's interest. *E.g., Wright* v. *City of Danville*, 174 Ill. 2d 391, 405, 675 N.E. 2d 110, 118 (1996). Clearly, there is an issue of fact as to White's purpose. Doe's evidence of a law enforcement purpose is that White was in uniform and on duty and, according to her Rule 56.1 statement, White said "he pulled plaintiff over because she had committed a traffic offense . . . ." (Pl. L.R. 56.1 ¶ 35). White testified that Doe failed to use her turn signal and failed to yield to oncoming traffic (White Dep. at 102-105) but he gave her only a warning. (*Id.* at 109.) On the other hand, Doe testified at her deposition that "He [White] asked me if he could see my driver's license. So I gave him my driver's license. I says, Did I do something wrong? He goes to me, No. And I says, Are you going to give me a ticket? He goes, No. And I'm saying to myself why did he pull me over, you know." (Doe Dep. at 68-69, *see also*, Doe Dep. at 324 "Q. Did he [White] tell you

---

[1] A police officer has probable cause to effectuate a traffic stop "so long as the circumstances confronting [the] police officer support the reasonable belief that a driver has committed even a minor traffic offense." *United States* v. *Cashman*, 216 F.3d 582, 586 (7th Cir. 2000).

3

that you had committed any traffic violations? A. I asked him if I did something wrong, and he told me no.") In addition to asking to see Doe's driver's license, White also apparently checked Doe's car registration, asked if the address on the license was where she lived, and asked where she was going. (Doe dep. at 68-71.) This led Doe to believe he had a personal motive. (Pl. L.R. 56.1 ¶ 37.) If White is believed as to why he pulled her over, he (1) reasonably believed she had violated the law or (2) he did not have a reasonable belief but had a law enforcement purpose and used the violation as a ruse (such as to get information about another crime). If Doe is believed, then (3) he did not have probable cause and did not have a law enforcement purpose. If (1) is the case, there was probable cause as a matter of law; there is no evidence that (2) is what happened; and if it is (3), the City is not liable. Thus, whatever evidence is credited, summary judgment in favor of Chicago on the false arrest claim is appropriate. The court's ruling on summary judgment was correct and the motion to reconsider this claim is denied.

Doe also argues this court's decision on indemnification under 745 ILCS 10/9-102 was premature. The court denies this motion also. The indemnification statute is clear that "a local public entity is empowered and directed to pay any tort judgment or settlement for compensatory damages for which it or *an employee while acting within the scope of his employment* is liable in the manner . . . ." (Emphasis added). Whether it is the 42 U.S.C. § 1983 false arrest claim or the state law false arrest claim, the court has already ruled that these actions were not within the scope of White's employment. The indemnification statute is, therefore, inapplicable.

Because the court denies Doe's motion to reconsider, it will address Doe's argument that this case should be certified for appeal. Under Rule 54(b), Fed. R. Civ. P., "an order that disposes finally of a claim against one party to the suit can be certified for an immediate appeal

4

under the rule even if identical claims remain pending between the remaining parties." *National Metalcrafters v. McNeil*, 784 F.2d 817, 821 (7th Cir. 1986). The court may enter such an order when "there is no just reason for delay." Fed. R. Civ. P. 54(b). The purpose of Rule 54(b) is to "enable a party (and its adversaries) to determine at the earliest possible opportunity whether it is securely out of the litigation and therefore can stop worrying about and preparing for further proceedings in it." *Continental Cas. Co. v. Anderson Excavating & Wrecking Co.*, 189 F.3d 512, 518 (7th Cir. 1999). Otherwise stated, the district court is to determine whether it is now an "appropriate time" for an appeal. *Sears, Roebuck & Co. v. Mackely*, 351 U.S. 427, 435 (1956). Although she does not say so in her brief, Doe has stated on the record that she wants to take an appeal now because her ability to collect any judgment against White depends on the City's liability. The City does not object to an appeal but does argue that it is not an appropriate time to appeal.

This case is set for trial on April 7, 2003. Whether or not Doe prevails at trial, in a short time she can appeal the judgment in favor of the City. Thus, there will be no prejudicial delay. If the White case is stayed pending disposition of the appeal and plaintiff loses the appeal, she will either seek voluntary dismissal or go to trial. If she goes to trial after an appeal, there would be more delay than if the case stays in one piece. Plaintiff argues that the City would be prejudiced because it would not participate in the trial, but neither side has argued that if Doe wins the appeal, the City would be entitled to retry the case in order to assert defenses of White. Presumably, the City's liability would follow as a matter of law from a ruling in Doe's favor. Two appeals are more likely here than two trials.

5

Moreover, Doe's attempt to justify certification on the basis that consolidated or cross appeals after a jury verdict would be confusing is not persuasive, for the court is confident that both the parties and the judges of the court of appeals are up to the task. Further, Doe argues that she should be able to present her theory that White was able to commit these acts due to his police officer status. She may do that whether or not a Rule 54(b) certification is granted.[2] Because the court can find no sound reason to split the case, it is unable to conclude that there is no just reason for delay of an appeal and denies Doe's motion for certification for immediate appeal under Rule 54(b). Nevertheless, the court is willing to facilitate settlement of the White claim among all the parties so that if Doe should prevail on appeal, the matter could be resolved quickly thereafter.

As stated above, Doe's motion for reconsideration or certification of appeal is denied [#53]. The case is set for trial against White on April 7, 2003.

ENTER: _____
JOAN HUMPHREY LEFKOW
United States District Judge

Dated: March 7, 2003

---

[2] Doe also argues for an immediate appeal pursuant to 28 U.S.C. § 1292. Such an interlocutory decision may be appealed when "(1) the certified issue involves a controlling question of law; (2) there is substantial ground for difference of opinion as to its application; and (3) an immediate appeal may materially advance the ultimate termination of the litigation." *Horwitz v. Alloy Automotive Co.*, 957 F.2d 1431, 1435 (7th Cir. 1992). The court does not believe that an immediate appeal will materially advance this litigation. All of Doe's claims may be asserted against White in the upcoming trial. Moreover, Doe's concerns about "two trials" are based on her assumption that she will win in the court of appeals. The end result of a certification could just as easily be two separate appeals.